UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 4:12-cr-22-TWP-VTW |
| | ) | | 4:13-cr-6-TWP-VTW |
| BILLY JOE DUGARD, | ) | | 4:13-cr-7-TWP-VTW |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On October 8, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 13, 2021 (Dkt. 45 in Cause No. 4:12-cr-22-TWP-VTW; Dkt. 29 in Cause No. 4:13-cr-6-TWP-VTW and Dkt. 28 in Cause No. 4:13-cr-7-TWP-VTW). Defendant Billy Joe Dugard appeared via video conference from Clark County Jail. His appointed counsel Patrick J. Renn also appeared via video conference. The government appeared by Todd Shellenbarger, Assistant United States Attorney, via video conference. U. S. Probation appeared by Officer Tasha Taylor, via video conference. The defendant consented on the record to the hearing being held via video conference.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Dugard of his rights and the defendant acknowledged he had been provided him with a copy of the petition.

2. Mr. Dugard requested a preliminary hearing.

3. The Preliminary Hearing was scheduled for October 18, 2021 at 11:00 AM via video conference.

4. The Court, sua sponte, continued the hearing set for October 18, 2021 to October 22, 2021 at 11:30 AM via video conference.

5. At the hearing on October 22, 2021, the Government appeared by AUSA Lauren M. Wheatley via video conference. The defendant appeared via video conference from Clark County Jail. CJA Counsel Patrick J. Renn also appeared via video conference. U.S. Probation Office was represented by Shallon Watson via video conference. The defendant consented on the record to the proceedings being held via video conference.

6. The parties advised the Court they had reached an agreement to resolve the allegations in the Petitions.

7. After being placed under oath, Mr. Dugard admitted Violations 1-3 in the Petition. (Dkt. 45 in Cause No. 4:12-cr-22-TWP-VTW; Dkt. 29 in Cause No. 4:13-cr-6-TWP-VTW and Dkt. 28 in Cause No. 4:13-cr-7-TWP-VTW)

8. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** <br><br> Mr. Dugard tested positive for marijuana and methamphetamine on June 21 and 22, 2021. He admitted to using both marijuana and methamphetamine to produce the positive results. Mr. Dugard also tested positive for amphetamine on July 8, 2021, and positive for amphetamine and marijuana on July 27, 2021. |
| 2 | **"The defendant shall not commit another federal, state, or local crime."** <br><br> On August 10, 2021, Mr. Dugard was arrested in Jackson County, Indiana, and charged with Possession of Methamphetamine (felony) |

    and Possession of Paraphernalia (misdemeanor).  As of the writing of this report, no additional court dates have been set, and Mr. Dugard remained in the Jackson County Jail.

  3  **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

    Mr. Dugard was arrested on August 10, 2021, in Jackson County, Indiana. He failed to notify the probation officer as required.

9.  The parties stipulated that:

  (a)  The highest grade of violation is a Grade B violation.

  (b)  Defendant's criminal history category is VI.

  (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

10.  The parties jointly recommended Mr. Dugard be sentenced in each case to 21 months imprisonment with no term of supervised release to follow. The federal terms of imprisonment shall be served concurrently.  The parties requested the Court recommend that Defendant's federal term of imprisonment run consecutive to any state sentence the defendant is serving.

  The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant VIOLATED the conditions in the Petition, that his supervised release should be REVOKED, and that he should be sentenced in each case to the custody of the Attorney General or his designee for a period of 21 months with no supervised release to follow.  The federal terms of imprisonment shall be served concurrently.  The Court recommends that Defendant's federal term of imprisonment run consecutive to any state sentence the defendant is serving.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 10/25/2021

                                                                  VAN WILLIS
                                                                  United States Magistrate Judge
                                                                  Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation
United States Marshal